# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY TWIGG AND LORI TWIGG, H/W,<br>　　　　　　　　　　Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS HOLDING CO., INC; BSN SPORTS INC.; SPORT SUPPLY GROUP, INC.; SPARTAN ATHLETIC COMPANY; GARWARE TECHNICAL FIBRES LTD D/B/A GOLD MEDAL ATHLETIC PRODUCTS,<br>　　　　　　　　　　Defendants. | Civil Action<br><br>No. 2:21-cv-007680-MSG<br><br>Jury Trial Demanded |

## ORDER

AND NOW, this _____ day of December 2021, upon consideration of defendant, Garware Technical Fibres Ltd., and any responses thereto, it is hereby ORDERED that Plaintiffs' Complaint is hereby DISMISSED for improper service pursuant to Fed. R. Civ. P. 12(b)(5).

IT IS FURTHER ORDERED that Plaintiffs' claim for punitive damages is hereby DISMISSED WITHOUT PREJUDICE pursuant to Fed. R. Civ. P. 12(b)(6).

　　　　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　　　　THE HONORABLE MITCHELL S. GOLDBERG

262192967v.1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY TWIGG AND LORI TWIGG, H/W,<br>                              Plaintiffs,<br><br>v.<br><br>VARSITY BRANDS HOLDING CO., INC; BSN SPORTS INC.; SPORT SUPPLY GROUP, INC.; SPARTAN ATHLETIC COMPANY; GARWARE TECHNICAL FIBRES LTD D/B/A GOLD MEDAL ATHLETIC PRODUCTS,<br>                              Defendants. | Civil Action No. 21-768<br><br>Jury Trial Demanded |

**DEFENDANT, GARWARE TECHNICAL FIBRES LTD.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FED.R.C.P. 12(b)(5) and 12(b)(6)**

  Defendant, Garware Technical Fibres Ltd. ("Garware"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby moves to dismiss plaintiffs, Corey and Lori Twigg, h/w ("Plaintiffs")'s Complaint pursuant to Federal Rule of Civil Procedure 12(b)(5) and claim for punitive damages pursuant to Federal Rule of Civil Procedure 12(b)(6).

  1. This matter arises from a March 10, 2019 incident, involving Plaintiff, Corey Twigg, an assistant baseball coach for Montoursville Area High School. *See* Plaintiffs' Complaint, generally, para. 18 – 19, attached hereto as **Exhibit "A"**.

  2. On March 10, 2019, Plaintiff was pitching indoor batting practice at an auxiliary gym at Montoursville Area High School, 700 Mulberry Street, Montoursville, Lycoming County, Pennsylvania. *Id*. at para. 20.

  3. While pitching, Plaintiff was seated behind a Collegiate L-Screen W/Hood covered

with a Polyethylene safety net ("Netting"), when a baseball penetrated the Netting and struck Plaintiff in the right eye ("Incident"). The injury ultimately required enucleation of the eye. *Id*. at para. 20, 33.

4. As a result of the Incident, Plaintiff allegedly sustained permanent and severe scarring and disfigurement, lost wages and earning capacity, incurred substantial medical expenses, and emotional distress. *Id*. at para. 35 – 39.

5. According to Plaintiffs, Plaintiff's injuries are the result of a defectively designed and/or manufactured Netting and a failure to provide proper warnings and instructions for the use of the Netting. *Id*. at para. 27 - 34.

6. Plaintiffs initiated the instant action against Garware and defendants BSN Sports Inc., Sport Supply Group, Inc., Varsity Brand Holding Co., Inc., and Spartan Athletic Company on February 19, 2021. *Id*., generally. Plaintiffs allege Garware manufactured the Netting, and co-defendants marketed and distributed and/or sold the Netting. *Id*. at para. 6 – 10, 14 – 15.

7. Plaintiffs brought claims of strict product liability, negligence, and loss of consortium, against defendants, specifically alleging defendants failed to provide proper warnings and instructions, defectively designed and manufactured the Netting, and negligently designed, manufactured, tested, inspected, packaged, labeled, marketed, and distributed the Netting.

8. Plaintiffs also assert a claim for punitive damages, alleging defendants "willfully and deliberately" failed to avoid the "probable consequences of the dangerous and defective polyethylene safety netting material and Collegiate L-Screen, and acted with "conscious indifference, indifference to and/or flagrant disregard of the safety of persons who might foreseeably have been harmed by" the Netting. *Id.* at para. 62 – 63.

9. At all times material hereto, Garware was an Indian technical textiles company, with a principal place of business of Plot No 11, Block D1, M.I.D.C., Chinchwad, Pune – 411019, Maharashtra, India.

10. On September 30, 2021, Plaintiffs filed a Proof of Service, which stated a Summons in the instant action had been served upon Garware on September 9, 2021 at its headquarters in India, by personal server Mahalingam Arumugam. *See* Proof of Service with accompanying Summons, attached hereto as **Exhibit "B".**

11. Garware now moves to dismiss Plaintiffs' Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) and incorporates by reference its arguments set forth in its accompanying brief, as if set forth at length herein.

WHEREFORE, defendant Garware Technical Fibres Ltd., respectfully requests that this Honorable Court dismiss Plaintiffs' Compliant for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5) and dismiss Plaintiffs' claim for punitive damages without prejudice pursuant to Federal Rule of Civil Procedure 12(b)(6).

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:  *s/ M. Susan Toth*
John T. Donovan, Esquire
M. Susan Toth, Esquire
Pa. ID No.:  66494/208174
Two Commerce Square, Suite 3100
2000 Market Street
Philadelphia, PA, 19103
215-627-6900 (phone)
215-627-2665 (facsimile)
john.donovan@wilsonelser.com
susan.toth@wilsonelser.com
*Attorneys for Defendants,*
*Garware Technical Fibres Ltd.*

Date: November 30, 2021

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| COREY TWIGG AND LORI TWIGG, H/W, <br> Plaintiffs, <br><br> v. <br><br> VARSITY BRANDS HOLDING CO., INC; BSN SPORTS INC.; SPORT SUPPLY GROUP, INC.; SPARTAN ATHLETIC COMPANY; GARWARE TECHNICAL FIBRES LTD D/B/A GOLD MEDAL ATHLETIC PRODUCTS, <br> Defendants. | Civil Action No. 21-768 <br><br> <u>Jury Trial Demanded</u> |

**BRIEF IN SUPPORT OF DEFENDANT, GARWARE TECHNICAL FIBRES LTD.'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 12(b)(5) AND 12(b)(6)**

Defendant, Garware Technical Fibres Ltd. ("Garware"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker LLP, hereby submits its brief in support of its motion to dismiss plaintiffs, Corey and Lori Twigg, h/w ("Plaintiffs")'s Complaint pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## I.     Introduction

This matter arises from a March 10, 2019 incident, in which Plaintiff, Corey Twigg, was struck in his right eye by a baseball, while pitching indoor batting practice at Montoursville Area High School, 700 Mulberry Street, Montoursville, Lycoming County, Pennsylvania ("Incident"). *See* Plaintiffs' Complaint, generally, para. 18 – 19, attached hereto as **Exhibit "A"**. Plaintiff's injury to his right eye ultimately required surgical amputation of the eye. *Id*. at para. 33. According to Plaintiff's Complaint, Plaintiff was seated behind a Collegiate L-Screen W/Hood covered with a polyethylene safety net ("Netting"), throwing indoor batting practice, when a baseball ripped through the Netting, striking Plaintiff in the right eye. *Id*. at para. 20, 33.

According to Plaintiffs, the netting was dangerous and defective, and failed to perform as intended, thereby causing Plaintiff's injuries. Id. at para. 24 – 34. Plaintiffs initiated the instant action against Garware, as the Netting manufacturer, and defendants BSN Sports Inc., Sport Supply Group, Inc., Varsity Brand Holding Co., Inc., and Spartan Athletic Company, the distributors of the Netting, on February 19, 2021, alleging claims of negligence, strict products' liability, and punitive damages. Garware now moves to dismiss Plaintiffs' Complaint pursuant to the Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6).

## II.     Matter Before the Court

The motion to dismiss pursuant to Federal Rules of Civil Procedure 12(b)(5) and 12(b)(6) of defendant, Garware Technical Fibres Ltd.

## III.    Statement of Questions Involved

1. Whether Plaintiff's Complaint should be dismissed for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5)?

**Suggested Answer**: Yes.

2. Whether Plaintiff's claim for punitive damages should be dismissed from his Complaint for failure to state a claim that is plausible on its face pursuant to Federal Rule of Civil Procedure 12(b)(6)?

**Suggested Answer**: **Yes.**

## IV.     Relevant Facts

At all times material hereto, Plaintiff, Corey Twigg, was a sixth grade teacher with the Montoursville School District and an assistant baseball coach at Montoursville Area High School. *See* **Exhibit "A"**, para. 19.

At all times material hereto, moving defendant Garware was an Indian technical textiles company, with a principal place of business at Plot No 11, Block D1, M.I.D.C., Chinchwad, Pune – 411019, Maharashtra, India.

On March 10, 2019, Plaintiff was pitching indoor batting practice at an auxiliary gym while seated behind a Collegiate L-Screen W/Hood covered with a Polyethylene safety net ("Netting"). *Id*. at para. 20. While pitching, a baseball penetrated the Netting and struck Plaintiff in the right eye causing injury to his right eye, which ultimately required enucleation of the eye ("Incident"). *Id*. at para. 33. As a result of the Incident, Plaintiff allegedly sustained permanent and severe scarring and disfigurement, lost wages and earning capacity, incurred substantial medical expenses, and emotional distress. *Id*. at para. 35 – 39. According to Plaintiffs, Plaintiff's injuries are the result of a defectively designed and/or manufactured Netting and a failure to provide proper warnings and instructions for the use of the Netting. *Id*. at para. 27 - 34.

On February 19, 2021, Plaintiffs initiated the instant action against Garware and defendants BSN Sports Inc., Sport Supply Group, Inc., Varsity Brand Holding Co., Inc., and Spartan Athletic Company. Plaintiffs allege Garware manufactured the Netting, and co-defendants marketed and distributed and/or sold the Netting. *Id*. at para. 6 – 10, 14 – 15. Plaintiffs brought claims of strict product liability, negligence, and loss of consortium, against defendants, specifically alleging defendants failed to provide proper warnings and instructions, defectively designed and manufactured the Netting, and negligently designed, manufactured, tested, inspected, packaged, labeled, marketed, and distributed the Netting. Plaintiffs also assert a claim for punitive damages, alleging defendants "willfully and deliberately" failed to avoid the "probable consequences of the dangerous and defective polyethylene safety netting material and Collegiate L-Screen, and acted with "conscious indifference, indifference to and/or flagrant

disregard of the safety of persons who might foreseeably have been harmed by" the Netting. *Id.* at para. 62 – 63.

On September 30, 2021, Plaintiffs filed a Proof of Service, which stated a Summons in the instant action had been served upon Garware on September 9, 2021 at its headquarters in India, by personal server Mahalingam Arumugam. *See* Proof of Service with accompanying Summons, attached hereto as **Exhibit "B".**

V. **Argument**

A. **Plaintiffs' complaint must be dismissed for insufficient service of process pursuant to Fed. R. Civ. P. 12(b)(5)**

A federal court may dismiss a complaint for "insufficient service of process." *Fed. R. Civ. P. 12(b)(5)*. "[T]he party asserting the validity of service bears the burden of proof on that issue." *Neopart Transit, LLC v. CBM N.A.*, 314 F. Supp. 3d 628, 635 (E.D. Pa. 2018)(quoting *Grand Entm't Group, Ltd. v. Star Media Sales*, Inc., 988 F.2d 476, 488 (3d Cir. 1993)). *See also Haim v. Eagle Group Int'l, LLC*, 2008 U.S. Dist. LEXIS 103551, * 6 (E.D. Pa. 2008); *White v. Green*, 2009 U.S. Dist. LEXIS 92999, 2009 WL 3209647, at *1 (E.D. Pa. Oct. 6, 2009) ("In resolving a motion under Rule 12(b)(5), the party making the service has the burden of demonstrating its validity when an objection to service has been made."), *aff'd*, 382 F. App'x 199 (3d Cir. 2010). "In addressing such motions, the courts have broad discretion to dismiss the action or to retain the case but quash the service that has been made on defendant[s]." *Haim, supra.*

Service of Process is governed by Federal Rule of Civil Procedure 4. Specifically, an individual or corporation "may be served at a place not within any judicial district of the United States, by an internationally agreed means of service that is reasonably calculated to give notice, such as those authorized by the Hague Convention on the Service Abroad of Judicial and

Extrajudicial Documents." *Fed. R. Civ. P. 4(f)(1)* ("Hague Convention"). The Hague Convention governs service of process on a foreign corporation by providing methods of serving judicial and extrajudicial documents that the signatories to the treaty have agreed to honor. *DeJames v. Magnificence Carriers, Inc.*, 654 F.2d 280, 288 (3d Cir. 1981)). Specifically, the Hague Convention provides that each signatory shall designate a Central Authority to process requests for service from other contracting States. *Id. See also Hague Convention, art. 2*, Entered into Force for the United States, Feb. 10, 1969, 20 U.S.T. 361, 658 U.N.T.S. 163. Pursuant to the Hague Convention, the documents shall be forwarded to the Central Authority of the State receiving the process, which will then serve the document itself or arrange to have it served by an appropriate agency, either: (a) by a method prescribed by its internal law for the service of documents in domestic actions upon persons who are within its territory, or (b) by a particular method requested by the applicant, unless such a method is incompatible with the law of the State addressed. *Knit With v. Knitting Fever, Inc.*, 2010 U.S. Dist. LEXIS 70412, *14 (E.D. Pa. 2010)(citing *Hague Convention, arts. 3, 5*). However, it also allows service to be effected without utilizing the Central Authority as long as the nation receiving service has not objected to the method used. *DeJames,* 654 F.2d at 288. Thus, the more liberal methods provided in the Federal Rules of Civil Procedure and state long-arm rules may be used as long as the nation receiving service has not objected to them. *Id.*

According to the U.S. Department of State, service of process against a foreign corporation in India is according to the following terms:

> India is a party to the Hague Convention on the Service Abroad of Judicial and Extra Judicial Documents in Civil and Commercial Matters. . . Requests should be completed in duplicate and submitted with two sets of the documents to be served, and translations, directly to India's Central Authority for the Hague Service Convention. The person in the United States executing the request form should be either an attorney or clerk of court. . . In its Declarations and

> Reservations on the Hague Service Convention, India formally objected to service under Article 10, and does not permit service via postal channels. . .

https://travel.state.gov/content/travel/en/legal/Judicial-Assistance-Country-Information/ India.html  (last visited November 29, 2021). Further, pursuant to its objections to service under Article 10, India does not permit "service of judicial documents directly through the judicial officers, officials or other competent persons." https://www.hcch.net/index.cfm?oldlang =en & act=authorities.details&aid=712 (last visited November 29, 2021); *Hague Convention art. 10(a) – (c)*. Thus, service of process must be effectuated through the Indian Central Authority. *Id*.

Here, according to the Proof of Service, Plaintiffs engaged a private process server to serve the Complaint upon Garware. Plaintiffs did not effectuate service of the Complaint through the Indian Central Authority as required by Federal Rule of Civil Procedure 4(f)(1) and the Hague Convention.  As Plaintiffs failed to effectuate service of the Complaint through the Indian Central Authority, service of the Complaint upon Garware is improper. Accordingly, Plaintiff's Complaint must be dismissed for improper service pursuant to Federal Rule of Civil Procedure 12(b)(5).

## B. **Plaintiffs claim for punitive damages must be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) as it fails to state a claim that is plausible on its face**

A motion to dismiss should be granted under Rule 12(b)(6) if the moving party "under any reasonable reading of the complaint . . . may be entitled to relief." *Kerchner v. Obama*, 612 F.3d 204, 207 (3d Cir. 2010)(internal quotations omitted).

To survive a motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  Indeed, "a pleading offering 'only labels and conclusions' or 'a formulaic recitation of the elements of a cause of

action will not do.'" *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(quoting *Twombly*, 550 U.S. at 555)).

In *Ashcroft v. Iqbal*, the Supreme Court made "clear that the *Twombly* 'facial plausibility' pleading requirement applies to all civil suits in the federal courts." *Fowler*, 578 F.3d at 210; *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009). Indeed, the "Supreme Court's opinion in *Iqbal* extends the reach of *Twombly*, instructing that all civil complaints must contain 'more than an unadorned, the defendant-unlawfully-harmed-me accusation.'" *Id*. (quoting *Iqbal*, 129 S.Ct. at 1949)). After *Iqbal*, it is clear that conclusory or 'bare-bones' allegations will no longer survive a motion to dismiss" *Fowler*, 578 F.3d at 210. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quoting *Iqbal,* 129 S.Ct. at 1948).

When presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis:

> First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. Second a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a plausible claim for relief. In other words, a complaint must do more than allege the plaintiff' entitlement to relief. A complaint has to show such an entitlement with its facts. As the Supreme Court instructed in *Iqbal*, where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged –but it has not shown –that the pleader is entitled to relief.

*Fowler*, 578 F.3d 203, 210-211. (internal citations and quotations omitted).

In deciding a motion to dismiss under Rule 12(b)(6), a court must "accept all factual allegations in the complaint as true and view them in the light most favorable to the plaintiff." *Williamsburg Commons Condo Ass'n. v. State Farm Fire & Cas. Co.*, 907 F.Supp. 2d 673,

680 (E.D.Pa. 2012)(quoting *Buck v. Hampton Twp. Sch. Dist.*, 452 F.3d 256, 260 (3d Cir. 2006). This "assumption of truth" is "inapplicable to legal conclusions." *Id*. (quoting *Iqbal,* 129 S.Ct. at 1949-50).

A federal court sitting in a diversity case applies the substantive law of the state in which it sits. *Gasperini v. Center for Humanities, Inc.*, 518 U.S. 415, 427 (1987)(citing *Erie R.R. v. Tompkins*, 304 U.S. 64, 78 (1938)). As such, Pennsylvania substantive law applies to the instant matter.

Under Pennsylvania law, punitive damages are an "extreme remedy" available in only the most exceptional matters. *Phillips v. Cricket Lighters*, 584 Pa. 179, 189, 883 A.2d 439, 445 (Pa. 2005). They are a rarely used and strictly controlled remedy to deter and punish extreme and egregious behavior. *Gibson v. Express Scripts, Inc.*, 2004 U.S. Dist. LEXIS 20069, *3 (E.D. Pa. 2004)(applying Pennsylvania law)(citing *Martin v. Johns-Manville Corporation*, 508 Pa. 154, 169, 494 A.2d 1088, 1096 (Pa. 1985)).

In adopting the Restatement (Second) of Torts regarding the imposition of punitive damages, the Pennsylvania Supreme Court has explained "punitive damages may be awarded for conduct that is outrageous, because of the defendant's evil motive or his reckless indifference to the rights of others. Punitive damages must be based on conduct which is 'malicious', 'wanton', 'reckless', 'willful', or 'oppressive'**...**" *Feld v. Merriam*, 506 Pa. 383, 395-96, 485 A.2d 742, 747 (Pa. 1984).  In deciding whether punitive damages should be assessed, the nature of the act itself, together with the alleged tortfeasor's motive, the relationship between the parties, and all other circumstances should be taken into account. *Feld,* 506 Pa. at 396, 485 A.2d at 748.  The state of mind of the actor is vital. "The act, or failure to act, must be intentional, reckless or malicious." *Id*.

As such, "ordinary negligence, involving inadvertence, mistake or error of judgment will not support an award of punitive damages." *Hutchinson v. Penske Truck Leasing Co.*, 2005 Pa. Super. 179, 876 A.2d 978, 983-84 (Pa. Super. 2005), *aff'd*, 592 Pa. 38, 922 A.2d 890 (Pa. 2007). Rather, the plaintiff must adduce evidence which goes beyond a showing of negligence, evidence sufficient to establish that the defendant's acts were intentional and reckless. *Phillips*, 584 Pa. at 189, 883 A.2d at 446.

In order to sustain a claim for punitive damages, a plaintiff must establish that "the defendant knows, or has reason to know, of facts which create a high degree of risk of physical harm to another, and deliberately proceeds to act in conscious disregard of, or indifference to, that risk." *Burke v. Maassen*, 904 F.2d 178, 181 (3d Cir. 1990)(applying Pennsylvania law). Since "[T]he only purpose of punitive damages is to deter outrageous conduct[.] [I]t is impossible to deter a person from taking risky action if he is not conscious of the risk**. . . .** Therefore, an appreciation of the risk is a necessary element of the mental state required for the imposition of such damages." *Id*. at 182. (*quoting Martin*, 494 A.2d at 1097 n. 12). *See also Richetta v. Stanley Fastening Sys., L.P.*, 661 F.Supp. 2d 500, 513 (E.D. Pa. 2009)(internal citations omitted)(In defining "reckless indifference", Pennsylvania courts have noted that "an appreciation of the risk [of harm] is a necessary element of the mental state required for the imposition of punitive damages"). Accordingly, the mental state necessary to assess punitive damages is "closer to an intentional act than the failure to appreciate the degree of risk from a known danger." *SHV Coal, Inc. v. Continental Grain Co.*, 526 Pa. 489, 495, 587 A.2d 702, 704 (Pa. 1991).

Plaintiffs' claim for punitive damages rests solely on hollow allegations and is facially implausible. While Plaintiffs allege defendants, including Garware, "willfully and deliberately"

failed to avoid the "probable consequences of the dangerous and defective polyethylene safety netting material and Collegiate L-Screen", and acted with "conscious indifference, indifference to and/or flagrant disregard of the safety of persons who might foreseeably have been harmed by" the Netting, *Id.* at para. 62 – 63, such assertions are nothing more than boilerplate accusations and the very "formulaic recitations" contemplated by *Twombly*. Plaintiffs fail to provide any specific factual allegations that Garware acted with the malice or intent required to establish "reckless", "willful", "wanton", "deliberate" and "intentional" conduct necessary to support a claim for punitive damages. At best, Plaintiffs' allegations constitute nothing more than an alleged mistake or error of judgment, and support nothing more than a claim for ordinary negligence. Thus, Plaintiffs' claim for punitive damages must be dismissed without prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## VI.   Conclusion

For the foregoing reasons, Plaintiffs failed to abide by the requirements of Federal Rule of Civil Procedure 4(f)(1) and The Hague Convention in their service of the Complaint upon Garware. Thus, service of the Complaint upon Garware is improper. Further, Plaintiffs' claim for punitive damages is grounded in nothing more than hollow, formulaic recitations, and thus, facially implausible. Accordingly, Garware respectfully requests that this Honorable Court dismiss Plaintiffs' Complaint for improper service pursuant to Rule 12(b)(5) and dismiss Plaintiffs' claim for punitive damages pursuant to Rule 12(b)(6).

Respectfully submitted,

WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:   *s/ M. Susan Toth*
John T. Donovan, Esquire
M. Susan Toth, Esquire

                                            Pa. ID No.:  66494/208174
                                            Two Commerce Square, Suite 3100
                                            2000 Market Street
                                            Philadelphia, PA, 19103
                                            215-627-6900 (phone)
                                            215-627-2665 (facsimile)
                                            john.donovan@wilsonelser.com
                                            susan.toth@wilsonelser.com
                                            *Attorneys for Defendants,*
                                            *Garware Technical Fibres Ltd.*

Date: November 30, 2021

## CERTIFICATE OF SERVICE

I, M. Susan Toth, Esquire, do hereby certify that a true and correct copy of the foregoing Motion to Dismiss Plaintiffs' Complaint, and accompanying Brief, was filed and served via electronic filing notification, and electronic mail upon all counsel of record, and via First Class Mail upon all unrepresented parties, on November 30, 2021 as follows:

Nicholas W. Mattiacci, Sr., Esq.
N.W. Mattiacci Law, LLC
804 West Avenue
Jenkintown, Pa 19046
nwm@mattilaw.com
*Attorney for Plaintiffs, Corey and Lori Twigg, h/w*

John Michael Kunsch, Esq.
Sweeney & Sheehan
1515 Market St, Ste 1900
Philadelphia, PA 19102
michael.kunsch@sweeneyfirm.com
*Attorney for Defendants, Varsity Brand Holding Co., BSN Sports Inc., and Sport Supply Group, Inc.*

Spartan Athletic Company
1310 Egypt Road, Suite 225
Oaks, PA 19456
*Unrepresented Defendant*

        WILSON ELSER MOSKOWITZ EDELMAN & DICKER LLP

By:  *s/ M. Susan Toth*
      John T. Donovan, Esquire
      M. Susan Toth, Esquire
      Pa. ID No.:  66494/208174
      Two Commerce Square, Suite 3100
      2000 Market Street
      Philadelphia, PA, 19103
      215-627-6900 (phone)
      215-627-2665 (facsimile)
      john.donovan@wilsonelser.com
      susan.toth@wilsonelser.com
      *Attorneys for Defendants,*
      *Garware Technical Fibres Ltd.*